■ In the Matter of DEAJAH SHABRI T., Also Known as DEAJAH T. SCO FAMILY OF SERVICES et al., Respondents; CHAREE ADIA T., Also Known as CHAREE A.T., Also Known as CHAREE T., Appellant. (Proceeding No. 1.) In the Matter of DESIRE MONET T.,

Also Known as DESIRE T. SCO FAMILY OF SERVICES et al., Respondents, CHAREE ADIA T., Also Known as CHAREE A.T., Also Known as CHAREE T., Appellant. (Proceeding No. 2.) [844 NYS2d 410]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Pearl, J.) (one as to each child), both dated August 11, 2006, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the mother's contentions, the presentment agency established that it made diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b [7] [f]; cf. Matter of Jamie M., 63 NY2d 388, 390 [1984]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). These efforts included referring the mother to drug abuse treatment programs, monitoring the mother's progress in these programs, and scheduling regular visits with the children while the mother was in residential drug abuse treatment and later incarcerated for her commission of a conspiracy offense (see Matter of Ailayah Shawneque L., 40 AD3d 1097, 1097-1098 [2007], lv denied 9 NY3d 806 [2007]; Matter of Distiny Angelina N., 18 AD3d 755, 756 [2005]). Despite these efforts, the mother failed for a period of more than one year following the date that the subject children came into the agency's care to successfully complete any drug treatment program, and thus failed to plan for the future of the children, although physically and financially able to do so (see Matter of Distiny Angelina N., 18 AD3d at 756; Matter of Lameek L., 226 AD2d 464, 465 [1996]). Under the circumstances, the finding of permanent neglect was supported by clear and convincing evidence (see Matter of Star Leslie W., 63 NY2d 136, 140 [1984]).

The Family Court also properly found that the best interests of the children would be served by terminating the mother's parental rights and freeing the children for adoption. The young children had bonded with their foster mother, with whom they had lived more than three years at the time of the dispositional hearing and the mother's visitation with the children had been, at times, marked by inappropriate behavior. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.