In the Matter of BERT M., JR., and Another, Infants. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERT M., SR., et al., Appellants. [856 NYS2d 758]—

Appeals from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered March 28, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, revoked a suspended judgment and terminated respondents' parental rights.

It is hereby ordered that the order so appealed from is unanimously modified on the law by remitting the matter to Family Court, Jefferson County, for further proceedings in accordance with the memorandum and as modified the order is affirmed without costs.

Memorandum: Respondents, the parents of the children who are the subject of this proceeding, appeal from an order that, inter alia, revoked the suspended judgment entered upon the finding that they had permanently neglected their children and terminated their parental rights. We note at the outset that the mother failed to preserve for our review her contentions that Family Court erred in accepting her consent to the finding of permanent neglect without conducting a further inquiry and that reversal is required because she was not given notice pursuant to Social Services Law § 384-b (3) (e) that the proceeding may result in an order freeing the children for adoption. In any event, we conclude that those contentions are without merit.

The parents each contend that petitioner failed to use diligent efforts to strengthen and encourage their relationship with their children (*see* Social Services Law § 384-b [7] [a]). To the extent that their contention relates to petitioner's efforts prior to the adjudication of permanent neglect, we do not review it inasmuch as they consented to that adjudication (*see Matter of Ulawrence J.*, 10 AD3d 658, 659 [2004]; *see also Matter of Jerome Marcel T.*, 28 AD3d 780, 781 [2006]). To the extent that their contention relates to petitioner's efforts during the period of the suspended judgment, we conclude that it is without merit. The record establishes that petitioner provided the parents with a "coparent" who assisted with household management skills and arranged supervised visitation with the children. Furthermore, petitioner provided services for the mother with respect to personal hygiene, employment skills, and financial management skills, and petitioner provided services for the father that included parenting classes and counseling services (*see generally Matter of Aldin H.*, 39 AD3d 914, 915 [2007]). Contrary to the contention of the parents, the court properly determined that they failed to fulfill the conditions of the suspended judgment. More than mere participation in the programs offered by petitioner is required. Rather, "[a]t a minimum, a parent is required to address and overcome the 'specific personal and familial problems which initially endangered or proved harmful to the child[ren], and which may in the future endanger or possibly harm the child[ren]' " (*Matter of Grace Q.*, 200 AD2d 894, 895 [1994]; *see also Matter of Jessica J.*, 44 AD3d 1132, 1133-1134 [2007]; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]).

Finally, we note that the court's determination that termination of parental rights was in the best interests of the children was made prior to our decision in *Matter of Kahlil S.* (35 AD3d 1164 [2006], *lv dismissed* 8 NY3d 977 [2007]), in which we determined that post-termination contact between parents and their children may be appropriate where, inter alia, parental rights are terminated after a finding of permanent neglect. We therefore modify the order by remitting the matter to Family Court to determine, following a further hearing, if necessary, whether post-termination contact between the parents and their children is in the best interests of the children (*see id.* at 1166; *Matter of Thomas B.*, 35 AD3d 1289 [2006], *lv dismissed* 8 NY3d 936 [2007]). Present—Scudder, P.J., Hurlbutt, Smith, Centra and Pine, JJ.