In the Matter of SAMANTHA K., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH K., Appellant. [872 NYS2d 813]—

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered November 23, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating his parental rights on the ground of permanent neglect and freeing his child for adoption, respondent father contends that petitioner failed to establish by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [a]). Contrary to the father's contention, however, petitioner was relieved of that obligation based on the father's failure "on more than one occasion while incarcerated to cooperate with an authorized agency in its efforts to assist such parent to plan for the future of the child" (§ 384-b [7] [e] [ii]; *see Matter of Eric L.*, 51 AD3d 1400, 1403 [2008], *lv denied* 10 NY3d 716 [2008]). Further, we conclude that Family Court properly determined that the child was permanently neglected based on the father's failure to plan for the child's future (*see* Social Services Law § 384-b [7] [a]). Even where an incarcerated parent makes an effort to develop a feasible plan for the future of his or her child, a finding of permanent neglect is appropriate where, as here, no alternative to foster care for the duration of the parent's incarceration is provided (*see Matter of Paige M.J.*, 256 AD2d 1150 [1998], *lv dismissed* 93 NY2d 904 [1999]; *Matter of C. Children*, 253 AD2d 554 [1998]; *see also Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). We conclude that the court properly determined that termination of the father's parental rights based upon a finding of permanent neglect, while allowing the father to retain visitation rights, was in the child's best interests (*see generally Matter of Bert M.*, 50 AD3d 1509, 1511

[2008], *lv denied* 11 NY3d 704 [2008]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.