In the Matter of JOSH M., an Infant. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LLOYD M., Appellant. [877 NYS2d 784]—

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered January 4, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously modified on the law by remitting the matter to Family Court, Ontario County, for further proceedings in accordance with the memorandum and as modified the order is affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights pursuant to Social Services Law § 384-b (4) (c) on the ground of mental retardation. We conclude that petitioner established by clear and convincing evidence that the father is "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care for [his] child" (*id.*; *see* § 384-b [6] [b]; *Matter of Adam NN.*, 33 AD3d 1187, 1188 [2006], *lv denied* 8 NY3d 802 [2007]; *Matter of Michael F.*, 16 AD3d 1116 [2005]). Petitioner presented the testimony of a psychologist and a psychiatrist who each testified that the father is mildly mentally retarded, which is a life-long condition, and that his mental retardation rendered him incapable of providing proper and adequate care for his child, who has developmental disabilities. The father presented no evidence to the contrary (*see Matter of*

*Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]; *Matter of Lisa Marie S.*, 304 AD2d 762 [2003], *lv denied* 100 NY2d 508 [2003], *lv dismissed* 100 NY2d 575 [2003]).

We agree with the father, however, that Family Court erred in failing to determine whether post-termination contact with the father is in the best interests of the child. After the court issued its written decision finding that the father is by reason of his mental retardation unable to care for his child, both the court and the Law Guardian expressed their belief that post-termination contact might be appropriate. The court urged the parties to come to an agreement pursuant to which the father would conditionally surrender his parental rights and some form of continued contact would be arranged. The parties were unable to come to such an agreement, however, and the father refused to agree to a conditional surrender of his parental rights. The court then ordered that the father's parental rights were terminated without itself determining whether post-termination contact was in the child's best interests. We conclude that the court erred in conditioning post-termination contact on the parties' ability to reach an agreement with respect to the terms of that contact and on the agreement of the father to a conditional surrender of his parental rights. Instead, the court itself should have determined whether post-termination contact was in the child's best interests. We therefore modify the order by remitting the matter to Family Court to determine that issue, following a further hearing if necessary (*see generally Matter of Kahlil S.*, 35 AD3d 1164 [2006], *lv dismissed* 8 NY3d 977 [2007]; *Matter of Thomas B.*, 35 AD3d 1289 [2006], *lv dismissed* 8 NY3d 936 [2007]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.