In the Matter of SETH M. and Another, Infants. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGO B., Appellant. [885 NYS2d 824]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered May 29, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously modified on the law by remitting the matter to Family Court, Jefferson County, for further proceedings in accordance with the memorandum and as modified the order is affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating her children who are the subject of this proceeding to be permanently neglected and terminating her parental rights with respect to them. We note at the outset that the mother contends for the first time on appeal that Family Court erred in accepting her consent to the finding of permanent neglect without conducting a further inquiry into her capacity to consent and thus failed to preserve that contention for our review (see Matter of Bert M., 50 AD3d 1509 [2008], lv denied 11 NY3d 704 [2008]; cf. Matter of Jeffrey M., 6 AD3d 1156 [2004]). In any event, we conclude that her contention lacks merit.

Contrary to the mother's further contention, the court did not abuse its discretion in declining to conduct an in camera interview of the two children at issue during the dispositional hearing (see generally Matter of Crystal Q., 173 AD2d 912, 913 [1991], lv denied 78 NY2d 855 [1991]).

Finally, as petitioner correctly concedes, the court erred in determining that it lacked the authority to permit post-

termination visitation between the mother and the two children at issue (*see Matter of Josh M.*, 61 AD3d 1366, 1367 [2009]; *Bert M.*, 50 AD3d at 1511; *Matter of Kahlil S.*, 35 AD3d 1164 [2006], *lv dismissed* 8 NY3d 977 [2007]). We therefore modify the order by remitting the matter to Family Court to determine, following a further hearing, if necessary, whether posttermination contact between the mother and the two children is in the best interests of those children (*see Bert M.*, 50 AD3d at 1511). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.