In the Matter of MIKIA H. and Another. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONIQUE K., Appellant. (Appeal No. 1.) [911 NYS2d 554]—

Appeal from an amended order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered August 11, 2009 in a proceeding pursuant to Social Services Law § 384-b. The amended order terminated the parental rights of respondent.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: These two consolidated appeals arise from a petition to terminate the parental rights of respondent mother with respect to her children. The mother consented to a finding of permanent neglect with respect to her two daughters, and Family Court entered a default order terminating her parental rights with respect to her son. In appeal No. 1, the mother appeals from an order, entered after a dispositional hearing, terminating her parental rights with respect to her two daughters and, in appeal No. 2, she appeals from an order denying her motion to vacate the default order entered with respect to her son.

We note at the outset that the court issued an amended decision and order in appeal No. 1 that superseded the order from which the mother appeals. We nevertheless exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the amended order (*see* CPLR 5520 [c]; *Miller v*

*Richardson*, 48 AD3d 1298, 1300 [2008], *lv denied* 11 NY3d 710 [2008]).

Addressing the merits of the amended order in appeal No. 1, we reject the contention of the mother that the court erred in terminating her parental rights with respect to her daughters. Petitioner established that the mother failed to comply with her service plan, inasmuch as she did not successfully complete substance abuse and domestic violence counseling. Indeed, the record supports the court's conclusion that she continued to use drugs after she stipulated to the finding of permanent neglect. Contrary to the contention of the mother, " '[t]he progress made by [her] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Roystar T. [Samarian B.]*, 72 AD3d 1569, 1569 [2010], *lv denied* 15 NY3d 707 [2010]; *see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846, 1847 [2010]). Also contrary to the contention of the mother, the court did not abuse its discretion in refusing to enter a suspended judgment with respect to her daughters. "Freeing the child[ren] for adoption provided [them] with prospects for permanency and some sense of the stability [they] deserved, rather than the perpetual limbo caused by unfulfilled hopes of returning to [the mother's] care" (*Matter of Raine QQ.*, 51 AD3d 1106, 1107 [2008], *lv denied* 10 NY3d 717 [2008]).

We conclude in appeal No. 2 that the court did not abuse its discretion in denying the motion of the mother seeking to vacate the default order terminating her parental rights with respect to her son. As previously noted, a petition was filed seeking to terminate her parental rights, and the mother consented to a finding of permanent neglect on the petition only concerning her two daughters. She failed to appear on the petition in connection with her son, however, and in moving to vacate the default order she failed to establish a reasonable excuse for her failure to appear and a meritorious defense to the petition with respect to her son (*see Matter of Raymond Anthony A.*, 192 AD2d 529 [1993], *lv dismissed* 82 NY2d 706 [1993]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.