# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**161**
**CAF 09-02619**
PRESENT: SMITH, J.P., CARNI, SCONIERS, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF CATTARAUGUS COUNTY DEPARTMENT
OF SOCIAL SERVICES, ON BEHALF OF LAURIE MCGIRR,
PETITIONER-RESPONDENT,

                    V                          MEMORANDUM AND ORDER

NICCOLE ROBERTS, RESPONDENT-APPELLANT.

---

ANDREW J. CORNELL, WELLSVILLE, FOR RESPONDENT-APPELLANT.

STEPHEN D. MILLER, OLEAN, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered November 19, 2009 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections and confirmed an order of the Support Magistrate entered October 6, 2009.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order of Family Court denying her objections to the order of the Support Magistrate that, inter alia, found that she had willfully violated a prior child support order and denied her petition seeking modification of that prior order. Based upon the evidence before the Support Magistrate, the court properly denied the mother's objection with respect to the finding of a willful violation of the prior order. There is a statutory presumption that the mother had sufficient means to support her child (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69), and the evidence that the mother failed to pay support as ordered constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]). The mother failed to meet her burden of rebutting the presumption "inasmuch as [s]he failed to present evidence establishing that [s]he made 'reasonable efforts to obtain gainful employment to meet [her] . . . support obligations' " (*Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452). The record supports the Support Magistrate's findings that the mother's participation in substance abuse treatment does not render her unable to make the required support payments (*see generally Matter of Hopkins v Gelia*, 70 AD3d 1335, 1336), or that such participation constitutes a basis for modifying the amount of her child support obligation (*see generally Matter of Knights v Knights*, 71 NY2d 865, 866-867). Finally, the mother's contention that the court erred in failing to cap her unpaid

child support arrears at $500 is raised for the first time on appeal and thus is not preserved for our review (*see Matter of Cattaraugus County Dept. of Social Servs. v Stark*, 75 AD3d 1098).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court