# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**225**
**CAF 10-00103**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF SHIRLEY A.S.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

SHARI D.S., RESPONDENT-APPELLANT.
------------------------------------------
IN THE MATTER OF SHIRLEY A.S.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER;

DAVID A.S., RESPONDENT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR SHIRLEY
A.S.

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered December 22, 2009 in a proceeding pursuant to
Social Services Law § 384-b.  The order terminated the parental rights
of respondents.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order terminating
her parental rights with respect to respondents' child based on a
finding of permanent neglect.  Although the mother does not challenge
Family Court's finding of permanent neglect, she contends that the
court abused its discretion in refusing to grant a suspended judgment.
We reject that contention (*see Matter of Elijah D.*, 74 AD3d 1846;
*Matter of Maryline A.*, 22 AD3d 227).  When the dispositional hearing
commenced, the mother was incarcerated in state prison for stealing
money in order to purchase drugs.  Although the mother had been
released from prison by the last day of the hearing, she was living in
a homeless shelter and did not yet have a job or any means to support
the child.  In addition, by her own admission, the mother had been
addicted to illegal drugs for many years, and the child tested
positive for codeine, morphine and opiates at birth.  At the time of

the hearing, the mother had not seen the child in 2½ years.  In contrast, the proposed adoptive parents had been caring for the child since her birth, and she was apparently doing well in their custody. Under the circumstances, it cannot be said that the court abused its discretion in freeing the child for adoption (*see Elijah D.*, 74 AD3d 1846; *Matter of Roystar T.*, 72 AD3d 1569, *lv denied* 15 NY3d 707; *Matter of Samantha Stephanie R.*, 71 AD3d 484).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court