# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

307
CAF 10-00765
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF TUMARIO B., JR.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

VALERIE L., RESPONDENT-APPELLANT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (MARY FAHEY OF COUNSEL), FOR PETITIONER-RESPONDENT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA, FOR TUMARIO B., JR.

---

Appeal from an order of the Family Court, Onondaga County (Martha E. Mulroy, J.), entered March 30, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ORDERED that the order so appealed from is unanimously modified in the interest of justice by remitting the matter to Family Court, Onondaga County, for further proceedings in accordance with the memorandum and as modified the order is affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her son based on a finding of permanent neglect and granting custody and guardianship of the child to petitioner. We reject the mother's contention that Family Court abused its discretion in refusing to enter a suspended judgment (*see Matter of Elijah D.*, 74 AD3d 1846). The record supports the court's determination that the best interests of the child would be served by freeing the child for adoption by the foster parents, who have cared for the child since birth (*see Matter of Shirley A.S.*, 81 AD3d 1471). "Freeing the child for adoption provided him with prospects for permanency and some sense of the stability he deserved, rather than the perpetual limbo caused by unfulfilled hopes of returning to [the mother's] care" (*Matter of Raine QQ.*, 51 AD3d 1106, 1107, *lv denied* 10 NY3d 717; *see Matter of Mikia H.*, 78 AD3d 1575, *lv dismissed in part and denied in part* 16 NY3d 760).

We conclude, however, that the matter should be remitted for the court to determine, following a further hearing if necessary, whether post-termination visitation between the mother and child would be in

the child's best interests (*see Matter of Seth M.*, 66 AD3d 1448, *lv denied* 13 NY3d 922; *Matter of Josh M.*, 61 AD3d 1366; *Matter of Bert M.*, 50 AD3d 1509, 1511, *lv denied* 11 NY3d 704).  Although the mother raises this issue for the first time on appeal, we nevertheless address it in the interest of justice.  We note that the adoptive parents appear to support such visitation, as does the Attorney for the Child.  In fact, the adoptive parents currently arrange for regular visits between the mother and one of her daughters, who was also adopted by them, and thus it may be in the best interests of the subject child to participate in those visits as well.