# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**537**

**CAF 10-01326**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF CAYDEN L.R.
-----------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL          MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

JAYME R., RESPONDENT-APPELLANT.

---

MARYBETH D. BARNET, CANANDAIGUA, FOR RESPONDENT-APPELLANT.

CARACCIOLI & NELSON, PLLC, WATERTOWN (ANNALISE M. DYKAS OF COUNSEL),
FOR PETITIONER-RESPONDENT.

SETH BUCHMAN, ATTORNEY FOR THE CHILD, THREE MILE BAY, FOR CAYDEN L.R.

---

    Appeal from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered May 18, 2010 in a proceeding pursuant
to Social Services Law § 384-b.  The order, among other things,
terminated respondent's parental rights.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  Respondent father appeals from an order terminating
his parental rights pursuant to Social Services Law § 384-b (4) (c) on
the ground of mental retardation.  We conclude that petitioner
established by clear and convincing evidence that the father is
"presently and for the foreseeable future unable, by reason of . . .
mental retardation, to provide proper and adequate care for [his]
child" (*id.; see Matter of Josh M.*, 61 AD3d 1366; *Matter of Christine
Marie R.* [appeal No. 1], 302 AD2d 992, *lv denied* 100 NY2d 503).
Petitioner presented the testimony of two psychologists "who each
testified that the father is mildly mentally retarded, which is a
life-long condition, and that his mental retardation rendered him
incapable of providing proper and adequate care for his child . . .[,
and t]he father presented no evidence to the contrary" (*Josh M.*, 61
AD3d at 1366).  The father contends that terminating his parental
rights was not in the best interests of the child because the
termination did not free the child for adoption.  We reject that
contention.  Social Services Law § 384-b "does not prohibit
termination of parental rights when the [child is] not freed for
adoption" (*Matter of Peter GG.*, 33 AD3d 1104, 1105).  Contrary to the
further contention of the father, we conclude that Family Court
properly denied him post-termination contact "inasmuch as he failed to
establish that such contact would be in the best interests of the

child[ ]" (*Matter of Diana M.T.*, 57 AD3d 1492, 1493, *lv denied* 12 NY3d 708).  We have considered the father's remaining contentions and conclude that they are without merit.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court