# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1112**
**CAF 10-01706**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF LESTARIYAH A.
-----------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DEMETRIOUS L., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR RESPONDENT-APPELLANT.

DAVID VAN VARICK, COUNTY ATTORNEY, ROCHESTER (ROBIN UNWIN OF COUNSEL),
FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER, FOR LESTARIYAH A.

---

Appeal from an order of the Family Court, Monroe County (John J.
Rivoli, J.), entered July 19, 2010 in a proceeding pursuant to Social
Services Law § 384-b. The order terminated the parental rights of
respondent.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting respondent's request for a
hearing to determine whether he should be afforded post-termination
contact with the child who is the subject of this proceeding, and the
matter is remitted to Family Court, Monroe County, for that purpose
and as modified the order is affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter
alia, revoked a suspended judgment and terminated his parental rights
with respect to the child who is the subject of this proceeding. The
father does not dispute that he violated the terms and conditions of
the suspended judgment, but he contends that he should have been given
a short extension to comply with the suspended judgment. Because the
father "failed to demonstrate that 'exceptional circumstances'
required extension of the suspended judgment" (*Matter of Demario J.*,
61 AD3d 1437, 1438, quoting Family Ct Act § 633 [b]; *see Matter of
Lourdes O.*, 52 AD3d 203, 204), we conclude that Family Court did not
abuse or improvidently exercise its discretion in refusing to extend
the suspended judgment and in revoking it (*see Matter of Leala T.*, 55
AD3d 997, 998; *Matter of Brent H.*, 34 AD3d 1367, 1368, *lv denied* 8
NY3d 802; *Matter of Ricky Joseph V.*, 24 AD3d 683, 684).

We agree with the father, however, that the court should have
granted his request for a hearing to determine whether post-

termination contact between the father and the child is in the best interests of the child (*see Matter of Selena C.*, 77 AD3d 659; *see e.g. Matter of Tumario B.*, 83 AD3d 1412, *lv denied* 17 NY3d 705; *Matter of Seth M.*, 66 AD3d 1448, 1449; *Matter of Thomas B.*, 35 AD3d 1289, *lv dismissed* 8 NY3d 936).  We therefore modify the order accordingly, and we remit the matter to Family Court for that purpose.

Entered:  November 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court