■ In the Matter of KYSHAWN F. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NELLIE M.-F., Appellant.

(Proceeding No. 1.) In the Matter of SHANEA R. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NELLIE M.-F., Appellant. (Proceeding No. 2.) In the Matter of SHANNEN F. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NELLIE M.-F., Appellant. (Proceeding No. 3.) [944 NYS2d 184]—

In three related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals from three orders of disposition of the Family Court, Nassau County (Dane, J.) (one as to each child), all dated December 22, 2010, which, upon a fact-finding order of the same court dated January 8, 2010, made after a fact-finding hearing, finding that she permanently neglected the subject children, terminated her parental rights and transferred custody and guardianship of the subject children to the Commissioner of the Nassau County Department of Social Services for the purpose of adoption. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from the order of disposition pertaining to Shannen F. is dismissed as academic, without costs or disbursements, as that child has attained majority age (see Matter of Francisco Anthony C.F., 305 AD2d 410 [2003]); and it is further,

Ordered that the order of disposition pertaining to the child Kyshawn F. is modified, on the facts and in the exercise of discretion, by adding thereto a provision directing that the mother shall have post-termination visitation with the child Kyshawn F.; as so modified, the order of disposition pertaining to the child Kyshawn F. is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing, if necessary, to determine the extent and frequency of post-termination visitation between the mother and the child Kyshawn F. that would be in his best interests; and it is further,

Ordered that order of disposition pertaining to the child Shanea R. is affirmed, without costs and disbursements.

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject children Shanea R. and Kyshawn F. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the children and planning for the children's future (see Matter of Star Leslie W.,

63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). These efforts included repeated referrals of the mother to drug treatment programs, the monitoring of her progress in these programs, repeated advice to the mother that she must attend and complete the drug treatment programs, and the scheduling of regular visits between her and the children (*see Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]; *Matter of Deajah Shabri T.*, 44 AD3d 1060, 1061 [2007]; *Matter of Distiny Angelina N.*, 18 AD3d 755, 756 [2005]). Despite these efforts, the mother failed to plan for the children's future (*see Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1056 [2011]; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168 [2011]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]). Furthermore, the Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights (*see Matter of Star Leslie W.*, 63 NY2d at 147-148; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168 [2011]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901 [2009]; *Matter of Deajah Shabri T.*, 44 AD3d at 1062; *Matter of Distiny Angelina N.*, 18 AD3d 755 [2005]).

Under the facts of this case, where the child Kyshawn F. is severely disabled, requiring 24-hour professional care in a nursing facility, and where, as conceded by the petitioner, he remains emotionally attached to his mother, we modify the order of disposition with respect to him so as to provide for post-termination visitation by the mother. Accordingly, we remit the matter to the Family Court, Nassau County, to determine, following a hearing, if necessary, the extent and frequency of post-termination visitation between the mother and that child that would be in his best interests (*see Matter of Seth M.* , 66 AD3d 1448 [2009]; *Matter of Samantha K.*, 59 AD3d 1012 [2009]; *Matter of Josh M.*, 61 AD3d 1366 [2009]; *Matter of Bert M.*, 50 AD3d 1509, 1511 [2008]; *Matter of Kahlil S.*, 35 AD3d 1164, 1165 [2006]). Skelos, J.P., Eng, Belen and Cohen, JJ., concur.