In the Matter of MEKHI KAHALIL G., an Infant. CHILDREN'S AID SOCIETY et al., Respondents; AINSLEY M.J., SR., et al., Appel-

The petitioner Children's Aid Society (hereinafter the petitioner) established by clear and convincing evidence that the father abandoned the subject children by failing to visit or communicate with them or the petitioning agency during the six-month period immediately prior to the date on which the petition was filed (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Donna E.J. [Fatima J.]*, 96 AD3d 746 [2012]; *Matter of Sabina Jessica S.*, 32 AD3d 857, 858 [2006]; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691, 692 [2004]). To the extent that the Family Court did not find credible the father's testimony that he tried to deliver toys, clothing, and other items to the petitioner for the children during the relevant time period, the court's assessment of his credibility must be accorded considerable deference, and we decline to disturb the court's findings (*see Matter of Anthony S. [Dawn N.]*, 98 AD3d 519 [2012]; *Matter of Ailayah Shawneque L.*, 40 AD3d 1097, 1098 [2007]).

Contrary to the father's contention, the Family Court providently exercised its discretion in terminating his parental rights without first conducting a separate dispositional hearing (*see Matter of Antoinne T. [April T.]*, 83 AD3d 721, 722 [2011]).

Further, the Family Court properly declined to consider his application for post-termination visitation (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 426 [2012]).

The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the children and planning for the children's future (*see Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d 874, 874-875 [2012]; *Matter of Darlene L.*, 38 AD3d 552, 555 [2007]). These efforts included referrals of the mother to anger management classes, parenting skills classes, and therapy, the monitoring of her progress in those programs, and the scheduling of regular visits between her and the children (*see Matter of Kyshawn F. [Nellie M.-F.]*, 95 AD3d 883, 884-885 [2012]; *Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d at 874, 875). Despite these efforts, the mother failed to plan for the children's future (*see Matter of "Female" W.*, 7 AD3d 723, 724 [2004]).

The parties' remaining contentions are either unpreserved for appellate review, based on matter dehors the record, or without merit. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.