■ In the Matter of DESTINY B. SUFFOLK COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; DAPHNE T., Appellant. [990 NYS2d 866]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), both dated May 2, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs and disbursements.

The Family Court properly found that the mother permanently neglected the subject child. The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938 [2013]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543, 543 [2013]; *Matter of Darrnell G. [Robin Denise H.]*, 88 AD3d 789, 790 [2011]). Despite these efforts, the mother failed to plan for the child's future (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Darrnell G. [Robin Denise H.]*, 88 AD3d at 790; *Matter of Deajah Shabri T.*, 44 AD3d 1060, 1061 [2007]). Contrary to the mother's contention, testimony relating to matters occurring subsequent to the filing of a petition for permanent neglect is inadmissible during the fact-finding stage of the proceeding (*see* Family Ct Act § 624; *Matter of Christopher II.*, 222 AD2d 900, 902 [1995]; *Matter of Diana S.*, 68 AD2d 915 [1979]).

The mother's contention relating to an arrest in August 2012 is unpreserved for appellate review and, in any event, without merit.

Moreover, the Family Court properly determined that termination of the mother's parental rights, rather than the entry of a suspended judgment, was in the child's best interests (*see* Family Ct Act § 631; *Matter of Jessica C. [Johanna B.]*, 117 AD3d 1044 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d at 938-939; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]). Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.