# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**33**
**CAF 15-00738**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF KATHRYN TAYLOR,
PETITIONER-RESPONDENT,

V                                      MEMORANDUM AND ORDER

JOSEPH BENEDICT, RESPONDENT-APPELLANT.

---

ANTHONY J. CERVI, BUFFALO, FOR RESPONDENT-APPELLANT.

BONNIE A. MCLAUGHLIN, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered July 3, 2014 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of respondent to the order of a Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order denying his objections to the order of the Support Magistrate, who granted petitioner mother's petition seeking an upward modification of the father's child support obligation. We reject the father's contention that the record does not support the Support Magistrate's imputation of income to him. "[I]n determining a party's child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Belkhir v Amrane-Belkhir*, 118 AD3d 1396, 1397 [internal quotation marks omitted]). At the hearing, the father testified that he was currently unemployed, but that he had worked for a company "off and on" for over five years, making $10 per hour, and that he did not have any medical disabilities preventing him from working. Family Court determined that the Support Magistrate imputed income to the father of $20,800 per year, and we conclude that the determination is supported by the record and was based on the relevant factors (*see Lauzonis v Lauzonis*, 105 AD3d 1351, 1351; *Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1331, *lv denied* 6 NY3d 705). The father's remaining contentions are not properly before us because they were not raised in his objections to the Support Magistrate's order (*see Matter of Farruggia v Farruggia*, 125 AD3d 1490, 1490; *Matter of Cattaraugus County Dept.*

*of Social Servs. v Roberts*, 81 AD3d 1318, 1318).