Iwasykiw v Starks (2020 NY Slip Op 00744)





Iwasykiw v Starks


2020 NY Slip Op 00744


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1011 CA 18-02209

[*1]ANDREW S. IWASYKIW, PLAINTIFF-APPELLANT,
v
CORY STARKS AND HAYLEY COLE, AS COEXECUTORS OF THE ESTATE OF NANCY LEE STARKS, DECEASED, DEFENDANTS-RESPONDENTS. 






DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
THE GLENNON LAW FIRM, P.C., ROCHESTER (PETER J. GLENNON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered March 30, 2018 in a divorce action. The judgment, inter alia, equitably distributed the marital property. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the 5th, 16th and 17th decretal paragraphs, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Wayne County, for further proceedings in accordance with the following memorandum: In this matrimonial action, plaintiff husband appeals from a judgment of divorce that, inter alia, dissolved the marriage between plaintiff and his wife (decedent) and distributed the marital assets and debts. Decedent died while this appeal was pending and the coexecutors of her estate have been substituted as defendants.
We reject plaintiff's contention that Supreme Court abused its discretion in failing to award him a portion of decedent's retirement accounts. The party seeking an equitable share of the other spouse's retirement accounts has the burden of establishing the existence and value of the accounts (see Weidman v Weidman, 162 AD3d 720, 724 [2d Dept 2018]). Here, plaintiff failed to meet his burden because the only evidence in the record with respect to decedent's retirement accounts established, via plaintiff's concession, that decedent opened them prior to the marriage. Plaintiff submitted no evidence that decedent contributed to her retirement accounts during the marriage or that any alleged increase in the accounts' value during the marriage was attributable to plaintiff. Thus, decedent's retirement accounts are not subject to equitable distribution (see Domestic Relations Law § 236 [B] [1] [d] [1]; Weidman, 162 AD3d at 724).
We also conclude that the court did not abuse its discretion in declining to equitably distribute personal property from the marital residence in New York. Plaintiff presented no documentary evidence with respect to the value of the personal property that he contends must be equitably distributed. "In the absence of proof of the value of the . . . personal property, the court did not err in refusing to order its equitable distribution" (LaBarre v LaBarre, 251 AD2d 1008, 1008 [4th Dept 1998]). Furthermore, we note that "there is no requirement that each item of marital property be distributed equally and the trial court has discretion in fashioning a division of property" (Mula v Mula, 131 AD3d 1296, 1301 [3d Dept 2015]), and here the court permitted plaintiff to retain certain personal property he took from a Florida property that was owned by plaintiff and decedent and permitted decedent to retain certain personal property from the New York residence.
We agree with plaintiff, however, that the court erred in determining that decedent's interest in Four Points Land Development, LLC (Four Points) was her separate property not [*2]subject to equitable distribution. "There is a presumption that all property acquired during a marriage constitutes marital property, even if it is titled only in the name of one spouse' " (Malachowski v Daly, 87 AD3d 1321, 1322 [4th Dept 2011]; see Domestic Relations Law § 236 [B] [1] [c]). "[T]he party seeking to overcome such presumption has the burden of proving that the property in dispute was separate property" (Swett v Swett, 89 AD3d 1560, 1562 [4th Dept 2011] [internal quotation marks omitted]; see Fields v Fields, 15 NY3d 158, 163 [2010], rearg denied 15 NY3d 819 [2010]). It is well settled that "property [that is] acquired in exchange for [separate] property, even if the exchange occurs during [the] marriage, is separate property" (Owens v Owens, 107 AD3d 1171, 1172-1173 [3d Dept 2013]; see Terasaka v Terasaka, 130 AD3d 1474, 1475 [4th Dept 2015]). "A party asserting a separate property claim must trace the source of the funds . . . with sufficient particularity to rebut the presumption that they were marital property" (Gately v Gately, 113 AD3d 1093, 1093 [4th Dept 2014], lv dismissed 23 NY3d 1048 [2014] [internal quotation marks omitted]; see Bailey v Bailey, 48 AD3d 1123, 1124 [4th Dept 2008]).
Decedent's interest in Four Points, which includes an interest in certain real property owned by Four Points, was acquired during the marriage, presumptively rendering it marital property (see Fields, 15 NY3d at 165), but defendants contend that Four Points and the real property owned by Four Points are separate property because decedent used separate property to acquire those holdings. Specifically, defendants note that Four Points was formed using proceeds from the sale in 2007, and three years before the marriage, of a lodge property owned by decedent. Based on the record before us, however, we conclude that decedent failed to establish that she maintained the proceeds from the sale of the lodge property separate from the marital property (see Galachiuk v Galachiuk, 262 AD2d 1026, 1027 [4th Dept 1999]), and that decedent failed to present sufficient evidence tracing the source of the funds used to purchase the assets at issue to rebut the presumption that those funds were marital property (see Maddaloni v Maddaloni, 142 AD3d 646, 652 [2d Dept 2016]; Bailey, 48 AD3d at 1124). We therefore modify the judgment by vacating the fifth decretal paragraph and we remit the matter to Supreme Court to equitably distribute decedent's interest in Four Points and its subject real property holdings.
We further agree with plaintiff that the court erred in admitting in evidence certain credit card statements and in relying on those statements when calculating the equitable distribution of the marital credit card debt. A business record is admissible if "it was made in the regular course of any business and . . . it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]). Here, the uncertified credit card statements should not have been admitted in evidence because decedent failed to lay a proper foundation for the admission of those documents as business records pursuant to CPLR 4518 (a) (see Velocity Invs., LLC v Cocina, 77 AD3d 1306, 1306 [4th Dept 2010]). Thus, inasmuch as it was error to admit the credit card statements in evidence, we conclude that Supreme Court abused its discretion in relying on those credit card statements when calculating the equitable distribution of the marital credit card debt (see generally West Val. Fire Dist. No. 1 v Village of Springville, 294 AD2d 949, 950 [4th Dept 2002]; Phillips v Phillips, 249 AD2d 527, 528 [2d Dept 1998]). Thus, we further modify the judgment by vacating the 16th and 17th decretal paragraphs, and we direct the court on remittal to conduct a hearing with respect to the equitable distribution of the marital credit card debt.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court