Aggarwal v Aggarwal (2024 NY Slip Op 01459)

Aggarwal v Aggarwal

2024 NY Slip Op 01459

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

971 CA 22-01312

[*1]SARAH E. AGGARWAL, PLAINTIFF-RESPONDENT,
v
VINAY R. AGGARWAL, DEFENDANT-APPELLANT. 

CERIO LAW OFFICES, PLLC, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILDREN.

 Appeal from a judgment of the Supreme Court, Monroe County (James A. Vazzana, A.J.), entered July 8, 2022. The judgment, among other things, dissolved the marriage of the parties and equitably distributed the marital assets. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the 4th, 13th, 14th, 22nd, 23rd, 29th, 30th, 32nd, and 42nd decretal paragraphs and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, equitably distributed the parties' marital assets and made awards to plaintiff wife for attorney's fees, spousal maintenance, and child support.
We agree with defendant that Supreme Court erred in determining that the premarital value of his medical practice is five percent of the total value "without articulating its reason for doing so" (Antinora v Antinora, 125 AD3d 1336, 1339 [4th Dept 2015]; see Domestic Relations Law § 236 [B] [5] [g]). We thus modify the judgment by vacating the decretal paragraphs concerning defendant's medical practice, and we remit the matter to Supreme Court for "appropriate findings of fact and conclusions of law as required by statute" with respect to the valuation of the marital component of defendant's medical practice (Diachuk v Diachuk, 117 AD2d 985, 986 [4th Dept 1986]).
We also agree with defendant that the court erred in determining that certain real property in Vermont is a marital asset. " '[T]he initial determination of whether a particular asset is marital or separate property is a question of law, subject to plenary review on appeal' " (Pooler v Pooler, 154 AD3d 1305, 1305-1306 [4th Dept 2017], quoting Fields v Fields, 15 NY3d 158, 161 [2010], rearg denied 15 NY3d 819 [2010]). "It is well settled that property [that is] acquired in exchange for [separate] property, even if the exchange occurs during [the] marriage, is separate property" (Iwasykiw v Starks, 179 AD3d 1485, 1486 [4th Dept 2020] [internal quotation marks omitted]). Here, defendant established "with sufficient particularity" that the Vermont property was purchased with proceeds from his sale of separate property and, therefore, is not a marital asset (id. [internal quotation marks omitted]; see also Juhasz v Juhasz, 59 AD3d 1023, 1024 [4th Dept 2009], lv dismissed 12 NY3d 848 [2009]). We therefore further modify the judgment by vacating the decretal paragraphs concerning the Vermont property.
We also agree with defendant that the court erred in determining that the value of his premarital contributions to his individual retirement account (IRA) is marital property. A retirement account opened by one spouse prior to marriage consists of marital property only with respect to the value of the contributions made during the marriage, or to the extent that an increase in market value is attributable to the other spouse (see Iwasykiw, 179 AD3d at 1485-1486; see also Antinora, 125 AD3d at 1340). Here, the premarital balance of defendant's IRA [*2]was $94,256.84, and that portion, along with the growth attributable thereto, does not constitute marital property subject to equitable distribution. We therefore further modify the judgment by vacating the decretal paragraph referring to defendant's IRA, and we direct the court on remittal to recalculate the amount of defendant's IRA that is marital property. Contrary to defendant's contention, however, the court did not err in awarding plaintiff one-half of the value of the funds defendant withdrew from his IRA upon the commencement of this action inasmuch as defendant "failed to establish that [the] funds withdrawn from [that] account were used for legitimate marital expenses" (McGarrity v McGarrity, 211 AD2d 669, 671 [2d Dept 1995]).
Additionally, we agree with defendant that, with respect to the awards of spousal maintenance and child support, the court erred in imputing income to him in the amount of $250,000 inasmuch as the court did not sufficiently "articulate[ ] the basis for [its] imputation and [there is no] record evidence [that] supports [its] calculations" (Anastasi v Anastasi, 207 AD3d 1131, 1132 [4th Dept 2022]; see also Belkhir v Amrane-Belkhir, 118 AD3d 1396, 1398 [4th Dept 2014]). Thus, we further modify the judgment by vacating the decretal paragraphs concerning the amounts of spousal maintenance and child support to be paid by defendant to plaintiff, and we direct the court on remittal to articulate a basis for the imputation of income to defendant with "record support for its determination" (Belkhir, 118 AD3d at 1398 [internal quotation marks omitted]) and, if necessary, to recalculate those amounts.
We reject defendant's contention that the court erred in awarding plaintiff, as "the non-monied spouse," a portion of her attorney's fees (Terranova v Terranova, 138 AD3d 1489, 1489 [4th Dept 2016] [internal quotation marks omitted]). The court has discretionary power to award attorney's fees in a matrimonial action based upon a review of, inter alia, "the financial circumstances of both parties" (Caricati v Caricati, 181 AD3d 1279, 1281 [4th Dept 2020] [internal quotation marks omitted]), and we perceive no abuse of discretion here. Nevertheless, in light of our determination with respect to imputed income, we further modify the judgment by vacating the decretal paragraphs awarding plaintiff attorney's fees, and we direct the court on remittal to recalculate the amount of that award in light of its new determination on remittal of the imputation of income to defendant (see Hansen v Hansen, 229 AD2d 960, 961 [4th Dept 1996]).
We further reject defendant's contention that the court erred in determining the value of the marital residence as of the date of the appraisal that was performed in September 2018, approximately six months after the commencement of the action, and not as of the date of the subsequent sale of the property in June 2020. "[V]aluation is an exercise properly within the fact-finding power of the trial courts" (Ripka v Ripka, 77 AD3d 1384, 1386 [4th Dept 2010] [internal quotation marks omitted]), and the court has "discretion to determine the appropriate valuation date" (Fuchs v Fuchs, 276 AD2d 868, 869 [3d Dept 2000]; see Wittig v Wittig, 258 AD2d 883, 884 [4th Dept 1999]). Here, the court properly considered defendant's failure to pay the mortgage on the marital residence and his rejection of substantial purchase offers when it determined the appropriate valuation date (see generally Fuchs, 276 AD2d at 869).
Defendant further contends that the court erred in not awarding him an equalizing credit for a portion of plaintiff's IRA. We reject that contention inasmuch as there is "no evidence that [plaintiff] contributed to her retirement account[ ] during the marriage or that any increase in th[at] account['s] value during the marriage was attributable to" defendant (Iwasykiw, 179 AD3d at 1485).
We have reviewed defendant's remaining contentions and conclude that none requires further modification or reversal of the judgment.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court