■ CONSTANCE L. WOJTOWICZ, Respondent, v EUGENE E. WOJTOWICZ, Appellant. (Appeal No. 1.)—Judgment insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: We modify the judgment of divorce by deleting the fourth decretal paragraph which grants plaintiff exclusive possession of the marital residence until June, 1992, by substituting therefor a direction that it be sold in accordance with the sixth decretal paragraph. The judgment of divorce is further modified by deleting the fifth decretal paragraph, which relates to the parties' respective responsibility for payments associated with the marital residence during the period of plaintiff's exclusive possession. Absent unusual or extenuating circumstances, the sale of the marital residence should be ordered at the time of the divorce (see, Wobser v Wobser, 91 AD2d 826, 827; see also, Tanner v Tanner, 107 AD2d 980, 982). Ordinarily, exclusive possession is granted to the spouse who is awarded custody of the parties' minor children. Here, the only child of the parties living in the marital residence is a 23-year-old adult child. Defendant "should not be compelled to subsidize his adult chil[d] by providing living quarters for [him]" (Wobser v Wobser, supra, at 827). Upon a consideration of the relevant statutory factors (see, Domestic Relations Law § 236 [B] [6]) and in view of the fact that upon the sale of the marital residence the net proceeds will be equally divided between the parties, we conclude that the trial court's award of $125 per week maintenance was appropriate and should not be disturbed (see, Donnelly v Donnelly, 144 AD2d 797, 798, appeal dismissed 73 NY2d 992; see also, Domestic Relations Law § 236 [B] [6] [a]). Nor can it be said that the trial court abused its discretion in awarding plaintiff counsel fees in the amount of $2,000 (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881).

We modify the Domestic Relations Order by deleting the sixth decretal paragraph, which orders the payment of plaintiff's 50% interest in the marital portion of defendant's pension fund to plaintiff's beneficiaries should she die prior to the date of distribution of the fund. The record contains no proof that survivor pension benefits are available under defendant's pension plan. Plaintiff, as the party seeking a portion of defendant's pension interest, had the burden "of establishing

the value of said interest, usually by actuarial evidence, as well as the evidence of the plan itself, establishing the pensioner's rights" *(Michalek v Michalek,* 114 AD2d 655, 657, *lv denied* 69 NY2d 602; *see also, Cleary v Cleary,* 171 AD2d 1076 [decided herewith]; *Culnan v Culnan,* 142 AD2d 805, 806, *lv dismissed* 73 NY2d 994). In the absence of any proof establishing the existence and availability of such pension survivor benefits, Supreme Court's decision to award plaintiff those benefits lacked evidentiary support *(see, Culnan v Culnan, supra,* at 806). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Divorce.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.