BRIDGET FITZGERALD LEMESIS, Now Known as BRIDGET FITZGERALD, Respondent, v ALDIS A. LEMESIS, Appellant. [834 NYS2d 597]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 25, 2006. The order, among other things, directed that plaintiff's share of defendant's federal employment retirement system benefits be calculated as if defendant had opted for the highest benefit option and determined that plaintiff is entitled to an equitable share of any cost of living adjustments paid to defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion with respect to calculation of plaintiff's share of defendant's federal employment retirement system benefits and as modified the order is affirmed without costs.

Memorandum: In this divorce action, defendant contends that Supreme Court erred in granting that part of plaintiff's post-judgment cross motion seeking a qualified domestic relations order directing that plaintiff's share in defendant's federal employment retirement system (FERS) benefits is to be calculated as if defendant had opted for the highest benefit option available. We agree. According to the terms of the parties' separation agreement, which was incorporated but not merged in the judgment of divorce, defendant's FERS pension was to be divided in accordance with *Majauskas v Majauskas* (61 NY2d 481 [1984]). Defendant remarried following the divorce and, upon his retirement, he opted for a distribution plan that created a survivor benefit for his second wife and reduced the benefits that he would have received if he had opted for the self-only distribution plan. We agree with defendant that the court erred in directing that plaintiff's share of the FERS pension benefits be calculated as if defendant had opted for the highest benefit option, i.e., the self-only distribution plan, inasmuch as there was no express provision in the separation agreement requiring him to do so (*see Von Buren v Von Buren*, 252 AD2d 950 [1998]), and we therefore modify the order accordingly.

Contrary to defendant's further contention, the court properly determined that plaintiff was entitled to an equitable share of the monthly retirement supplement benefits and any cost of living adjustments as part of the pension benefits despite the absence of an express provision to that effect in the separation agreement (*see Pagliaro v Pagliaro*, 31 AD3d 728, 730 [2006]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.