■ In the Matter of MICHELE M., Respondent, v THOMAS F., Appellant. [839 NYS2d 892]—

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.), entered August 15, 2006 in a proceeding pursuant to Family Court Act article 4. The order dismissed respondent's objections to an order of the Support Magistrate entered May 11, 2006.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting objection No. 1 in part and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking an upward modification of the child support obligation of respondent father. Following a trial, the Support Magistrate determined that the child support obligation of the father should be increased and applied the Child Support Standards Act (CSSA) percentage to all of the father's income,

without regard to the $80,000 cap (*see generally* Family Ct Act § 413 [1] [c]). Family Court denied the father's objections to the order. On the appeal from that order, we agreed with the determination that the mother had established a change of circumstances sufficient to warrant an upward modification of the father's child support obligation, but we concluded that "neither the record nor the court's 'record articulation'. . . [was] sufficient to support the court's application of the [CSSA] percentage to all of the combined parental income in excess of $80,000" (*Matter of Malecki v Fernandez*, 24 AD3d 1214, 1215 [2005]). We remitted the matter to Family Court "to determine [the father's] past and prospective child support obligation in compliance with the CSSA following a further hearing, if necessary" (*id.*).

Upon remittal, the Support Magistrate did not conduct a further hearing but made additional findings with respect to the parties' incomes in accordance with Family Court Act § 413 (1) (b) (5). The Support Magistrate then calculated each party's share of the combined parental income (*see* § 413 [1] [b] [4]). Between 1999 and 2002, the father earned between 82% and 86% of the total adjusted gross income. Inasmuch as the child support percentage for one child is 17% (*see* § 413 [1] [b] [3] [i]), the father's share of child support ranged from $1,940 to $2,203 per month during those years. The Support Magistrate addressed the factors under Family Court Act § 413 (1) (f) and found evidence in the record relevant to all factors except those listed in subparagraphs (4), (8) and (9). The record, however, contains no evidence quantifying the increased costs attributable to the alleged increased expenses for health insurance, uninsured medical expenses, clothing, school expenses, extracurricular activities, social activities or travel. The Support Magistrate again found that all the combined parental income in excess of $80,000 should be considered in calculating "the just and appropriate child support" and again applied the CSSA percentage to all the combined parental income. We conclude that the court erred in dismissing in their entirety the father's objections to that order.

Under the statute and case law, the $80,000 figure serves as a presumptive cap, and the court has discretion to limit the parents' respective pro rata child support obligations to the first $80,000 in combined parental income (*see* Family Ct Act § 413 [1] [c]; *Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]). The court also has the authority to calculate and award child support based upon all or part of the combined parental income, even to the extent that it exceeds $80,000 (*see* Family

Ct Act § 413 [1] [c] [3]; *Cassano*, 85 NY2d at 653). The court's obligation, in that event, is to articulate a basis for applying the CSSA percentage to all or part of the parental income beyond $80,000 (*see* Family Ct Act § 413 [1] [c] [3]; [f]; *Cassano*, 85 NY2d at 655; *Lester v Lester*, 237 AD2d 872, 873 [1997]; *Matter of Dower v Niewiadowski*, 233 AD2d 847, 848 [1996]). In cases such as this, where the combined parental income is well in excess of $80,000, it is proper to consider and base the award upon the child's " 'actual reasonable needs' " (*Anonymous v Anonymous*, 222 AD2d 305, 306 [1995]). " '[A]lthough children must generally be permitted to share in a noncustodial parent's enhanced standard of living and a court is not permitted to make an award based solely on their actual needs . . . , we may consider the child's needs in determining an award of child support on income exceeding the $80,000 cap' " (*Matter of Mitchell v Mitchell*, 264 AD2d 535, 540 [1999], *lv denied* 94 NY2d 754 [1999]). On this record, there is no evidence supporting the determination that the father's appropriate share of child support is over $2,000 per month. We therefore modify the order accordingly, and we remit the matter to Family Court to recalculate the father's child support obligation by applying the CSSA percentage to one half of the combined parental income in excess of $80,000. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.