■ In the Matter of BRIAN MILLER, Appellant, v JENNIFER MILLER, Also Known as JENNIFER SCHLAFFER, Respondent. [864 NYS2d 624]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered February 16, 2007 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of the parties to the order of the Support Magistrate and confirmed that order.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting petitioner's objections and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding seeking, inter alia, to modify his child support obligation on the ground that the parties' children were no longer residing with respondent mother but instead were residing with him. He contends on appeal that Family Court erred in denying his objections to the order of the Support Magistrate and in confirming that order. While we agree that modification was required because the children had moved from their mother's residence to that of their father, we are unable to determine the propriety of the Support Magistrate's findings with respect to the parties' child support obligations inasmuch as the Support Magistrate failed to set forth an adequate factual basis for those findings that is supported by the record. In determining the parents' respective child support obligations, the Support Magistrate was required to "determine the combined parental income" (Family Ct Act § 413 [1] [c] [1]) and, because the combined parental income exceeded $80,000, she also was required to "determine the amount of child support for the amount of the combined parental income in excess of [$80,000] through consideration of the factors set forth in paragraph (f) of [section 413 (1)] *and/or* the child support percentage" (§ 413 [1] [c] [3] [emphasis added]; *see Matter of Cassano v Cassano,* 85 NY2d 649, 654 [1995]). In view of the "and/or" language in the statute, the Support Magistrate was afforded the discretion to apply the statutory factors, the child support percentage, or both, and "some record articulation of the reasons for the [Support Magistrate's] choice . . . [was] necessary to facilitate . . . review" of that choice (*Cassano,* 85 NY2d at 655).

Here, the Support Magistrate opted not to apply the statutory percentage, and she thus was required "to set forth in a written order[ ] the [statutory] factors [she] considered" in determining the amount of child support (*Matter of Niagara County Dept. of Social Servs. v C.B.* [appeal No. 3], 234 AD2d 897, 899 [1996] [internal quotation marks omitted]), and to "relate that record articulation to the statutory factors . . . and [to] consider the

needs of the child[ren] as a factor" (*id.* at 900). We are unable to discern on the record before us the basis for the amount of child support ordered inasmuch as the Support Magistrate's reasoning in support of that amount was factually vague (*see generally id.* at 899-900).

The Support Magistrate also failed to set forth an adequate factual basis for her calculations concerning the contribution of the parties toward the medical and dental insurance costs of the children and the amount of child support for the "split custody" weeks. We therefore modify the order accordingly, and we remit the matter to Family Court to determine the parties' child support obligations and contribution toward the medical and dental insurance costs of the children in compliance with Family Court Act § 413. Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.