Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 2, 2007, which granted respondent father’s objections to the Support Magistrate’s order of December 4, 2006 to the extent of remanding the matter to the Support Magistrate for additional findings of fact regarding the subject child’s actual needs, affirmed, without costs. Order, same court and Judge, entered on or about November 30, 2007, which denied both parties’ objections to the Support Magistrate’s order of September 14, 2007 directing respondent to pay petitioner mother basic child support of $3,053.67 per month, plus $1,732.75 for child care and insurance, modified, on the facts, to reduce the award for basic child support to $2,740.44 per month, and otherwise affirmed, without costs.
Although respondent had a full opportunity to explore the issue of the child’s needs at the first hearing, Family Court properly directed a new hearing on that issue, rather than issue an order containing findings based on the one-sided record made at the first hearing, given a remand order requiring findings as to the child’s “actual” needs (28 AD3d 251 [2006]). The subsequent decision of the Support Magistrate included dicta as to whether and how the statutory formula applied in high-income cases, and also calculated the ratio of the child support he had awarded to the parties’ income. However, it is clear from *452 the analysis in the decision that, as directed, the Support Magistrate only considered the child’s needs to determine the child support amount, and that he did not apply the statutory formula.
The Support Magistrate and Family Court appropriately allocated 50% of petitioner’s household and car expenses to the child based on evidence that the child equally benefitted from these expenditures. In calculating a basic child support obligation in an amount equal to the child’s needs, and respondent’s share thereof, Family Court, inter alia, appropriately considered that petitioner was responsible for all nonmonetary contributions toward the child’s care and well-being.
Evidence of changes in the child’s needs, based on petitioner’s early-June 2007 remarriage, was properly rejected as speculative at the time of the late-June 2007 hearing, and as beyond the scope of the proceeding, which was limited to determining the actual needs of the child in accordance with this Court’s April 2006 remand order.
However, we modify Family Court’s findings as to the amount of basic child support attributable to the child’s clothing and toys. Although petitioner documented average monthly payments of $496.91 for clothing and $391.32 for toys, and Family Court found petitioner’s testimony about her expenses to be credible, such spending exceeds the actual needs of the child (see Matter of Michele M. v Thomas F., 42 AD3d 882, 883-884 [2007]; cf. Anonymous v Anonymous, 286 AD2d 585, 586 [2001], lv denied 97 NY2d 611 [2002]). It cannot be said that the child needs the number of items that were purchased. For example, respondent purchased 10 bibs, ranging in price from $4.49 to $11.99, at one store on one day. On another day, respondent purchased 18 items from an on-line toy store at a total price of $231.32. Accordingly, we reduce the child support attributable to clothing to $375 per month and the support attributable to toys to $200 per month.
We have considered the parties’ other arguments for affirmative relief and find them unavailing. Concur—Renwick and Freedman, JJ. Saxe, J.E, concurs in part and dissents in part in a separate memorandum, and Sweeny and McGuire, JJ., dissent in part in a separate memorandum by McGuire, J., as follows: