■ JOANN RIPKA, Appellant, v ROBBIE RIPKA, Respondent. [908 NYS2d 510]—

Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered November 3, 2008 in a divorce action. The judgment, inter alia, equitably distributed the marital assets of the parties.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law without costs by providing in the fifth decretal paragraph that there shall be an upward adjustment of child support upon the termination of defendant's maintenance obligation and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Oswego County, to determine the amount of that upward adjustment in accordance with the following memorandum: On appeal from a judgment of divorce, plaintiff contends that Supreme Court erred in determining that it would be "double counting" to award a portion of defendant's businesses to plaintiff where, as here, defendant's wages had not been capitalized in the valuation of those businesses (*see generally Grunfeld v Grunfeld*, 94 NY2d 696 [2000]). We agree. We conclude, however, that the court rectified that error by awarding maintenance based solely upon defendant's income. "[P]roperty distribution and maintenance should not be treated as two separate and discrete items, but rather should each be considered 'with a view toward the other in an effort to arrive at a fully integrated and complete financial resolution that is best suited to the parties' particular financial situation' " (*Grunfeld*, 255 AD2d 12, 19 [1999], *mod on other grounds* 94 NY2d 696 [2000]). Although plaintiff is correct that her overall award would have been greater had she received both maintenance and a portion of defendant's businesses, we conclude that, in that event, the amount of her award of maintenance would be insufficient to enable her to maintain her standard of living. Based on the impropriety of treating a distributive award as "an additional source of maintenance, rather than as a division of marital property" (*Buzzeo v Buzzeo*, 141 AD2d 490, 491 [1988]; *see Lipovsky v Lipovsky*, 271 AD2d 658, 659 [2000], *lv dismissed* 95 NY2d 886 [2000], *lv denied* 96 NY2d 712 [2001]; *Mullin v Mullin*, 187 AD2d 913, 914 [1992]), we conclude that the court properly awarded maintenance to plaintiff based on defendant's income.

Contrary to plaintiff's contention, the court was not required to explain the reasons for its discretionary application of the $80,000 cap pursuant to Domestic Relations Law § 240 (1-b) (c) (former [2]) and (3), particularly in light of its finding that defendant's pro rata share of child support was appropriate and

plaintiff's failure to contend that the amount of child support awarded was insufficient (*see generally id.*; *Matter of Michele M. v Thomas F.*, 42 AD3d 882 [2007]). We conclude, however, that the court erred in failing to order that child support be adjusted upon the termination of maintenance, pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C) (*see Schiffer v Schiffer*, 21 AD3d 889, 890-891 [2005]; *Smith v Smith*, 1 AD3d 870, 872-873 [2003]; *Atweh v Hashem*, 284 AD2d 216, 216-217 [2001]). We therefore modify the order and remit the matter to Supreme Court to determine, following a hearing if necessary, the proper amount of the upward adjustment of child support.

Also contrary to plaintiff's contention, we conclude that the court properly determined the values of defendant's businesses and the marital assets. Indeed, "valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony" (*Burns v Burns*, 84 NY2d 369, 375 [1994]). Here, the court accepted the valuation of the businesses provided by defendant's expert, with which plaintiff's expert agreed, and the court was not required to accept plaintiff's unsupported allegations that the businesses were worth more than the amounts reported by defendant (*see Scala v Scala*, 59 AD3d 1042, 1043 [2009]). Similarly, the court properly accepted defendant's valuation of the vehicles, where plaintiff " 'presented no expert testimony that would support a different valuation' " (*id.*). Finally, the court was entitled to credit the valuation of defendant's expert over that of plaintiff's with respect to the marital residence, using the "as repaired" valuation of the marital residence. Plaintiff admittedly used nearly $13,000 out of a $20,000 pendente lite award made specifically for house repairs and real property taxes for other personal expenses (*see Fuchs v Fuchs*, 276 AD2d 868, 869 [2000]). Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.