# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1314**
**CA 11-01907**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

OLGA KNOPE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GERARD S. KNOPE, DEFENDANT-APPELLANT.

---

THE ODORISI LAW FIRM, EAST ROCHESTER (TERRENCE C. BROWN-STEINER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

ALEXANDER KOROTKIN, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County
(Richard A. Dollinger, A.J.), entered March 17, 2011. The judgment,
inter alia, awarded maintenance to plaintiff.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the facts and the law by providing that
maintenance shall terminate six years from the date on which the
action was commenced and as modified the judgment is affirmed without
costs.

Memorandum: Defendant husband appeals from a judgment of divorce
that, inter alia, incorporated the decision and order of the
Matrimonial Referee (Referee) appointed to hear and determine the
issues concerning the grounds for the divorce and spousal maintenance.
Defendant contends that Supreme Court erred in awarding nondurational
maintenance to plaintiff wife. We agree.

Although "[a]s a general rule, the amount and duration of
maintenance are matters committed to the sound discretion of the trial
court" (*Boughton v Boughton*, 239 AD2d 935, 935), "the authority of
this Court in determining issues of maintenance is as broad as that of
the trial court" (*Reed v Reed*, 55 AD3d 1249, 1251). Here, we conclude
that the record does not support an award of nondurational maintenance
to plaintiff. Specifically, the record does not support the Referee's
finding that defendant signed an Immigration and Nationalization Form
I-864 (I-864 affidavit) providing that "he would be completely liable
for the plaintiff's support once she had obtained a visa which allowed
her to enter the United States." Although at the hearing before the
Referee defendant admitted signing an affidavit of support in
connection with plaintiff's visa application, he explicitly denied
that it was an I-864 affidavit, as suggested by plaintiff. Moreover,
plaintiff never produced a signed affidavit setting forth the nature
of defendant's obligation, and thus we conclude that the record does

not support the Referee's finding that defendant signed an I-864 affidavit.

Additionally, the record does not support the Referee's finding that plaintiff was "unable to work to support herself financially," now or at any point in the future. At the hearing, plaintiff testified that she suffered from certain medical conditions that prevented her from being able to work or to seek job training in the United States, including dizziness, depression, stress, constant tinnitus, and a complete loss of hearing in one ear. Although a person seeking maintenance may submit "general testimony" regarding a medical condition where the effect of that condition on the person's "ability to work is readily apparent without the necessity of expert testimony" (*Battinelli v Battinelli*, 174 AD2d 503, 504), that is not the case here. Thus, plaintiff was required to submit medical records or expert testimony, which she failed to do. Instead, plaintiff offered a letter from the Social Security Administration that referenced another letter allegedly declaring that plaintiff would have been eligible for disability benefits if she was a United States citizen. "[A] decision of the Social Security Administration [may serve] as some evidence" of a disability, but it is not prima facie evidence thereof (*Matter of Frenke v Frenke*, 267 AD2d 238, 238). Here, there is no decision in the record, and the letter submitted by plaintiff only references a decision. That letter did not indicate the nature, extent or permanence of plaintiff's disability, or the basis for the alleged determination by the Social Security Administration that plaintiff was disabled. Further, the Referee's finding that plaintiff's inability to speak English prevented her from seeking employment is belied by plaintiff's testimony, much of which was in English despite the instructions of the Referee that she testify in Russian and use an interpreter. Thus, based on the statutory factors, including the short duration of the marriage and plaintiff's age, education and job skills, we conclude that plaintiff is entitled to maintenance for a period of six years (*see* Domestic Relations Law § 236 [B] [6] [a]). We therefore modify the judgment accordingly.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  February 8, 2013                     Frances E. Cafarell
                                               Clerk of the Court