# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**218**

**CA 13-00545**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

DEREK MARTIN, PLAINTIFF-APPELLANT-RESPONDENT,

V                                        MEMORANDUM AND ORDER

COLLEEN MARTIN, DEFENDANT-RESPONDENT-APPELLANT.

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

MATTAR, D'AGOSTINO & GOTTLIEB, LLP, BUFFALO (DIANA CAVALL OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered December 20, 2012 in a divorce action. The judgment, inter alia, awarded defendant maintenance and child support.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by providing that plaintiff's net income is $953,600.93 and that the combined parental income is $983,792.93 and by providing in the fourth decretal paragraph that there shall be an adjustment of child support upon the termination of plaintiff's maintenance obligation and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, to determine the amount of that adjustment in accordance with the following Memorandum: Plaintiff appeals and defendant cross-appeals from a judgment of divorce that, inter alia, directed plaintiff to pay maintenance and child support and denied defendant's request for a directive requiring that plaintiff post security pursuant to Domestic Relations Law § 243. Contrary to plaintiff's contention, the maintenance award is not excessive either in its amount or duration. "Although '[a]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court, . . . the authority of this Court in determining issues of maintenance is as broad as that of [Supreme Court]' " (*Knope v Knope*, 103 AD3d 1256, 1257). There is no abuse of discretion here (*see Gately v Gately*, 113 AD3d 1093, 1093), and we decline to substitute our discretion for that of the court (*cf. Knope*, 103 AD3d at 1257).

Turning to the issue of child support, we conclude that the court erred in its calculation of the combined parental income (*see* Domestic Relations Law § 240 [1-b] [c] [1]), and we therefore modify the judgment by providing that plaintiff's net income is $953,600.93 and

that the combined parental income is $983,792.93.  Contrary to plaintiff's further contention, the record establishes that the court articulated a proper basis for applying the Child Support Standards Act to the combined parental income in excess of the statutory cap (*see* § 240 [1-b] [c] [2], [3]; *Wideman v Wideman*, 38 AD3d 1318, 1319; *Corasanti v Corasanti*, 296 AD2d 831, 831).  We also conclude, however, that the court erred in failing to order that child support be adjusted upon the termination of maintenance, pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C) (*see Ripka v Ripka*, 77 AD3d 1384, 1386; *Schiffer v Schiffer*, 21 AD3d 889, 890-891).  We therefore further modify the judgment by providing in the fourth decretal paragraph that there shall be an adjustment of child support upon the termination of plaintiff's maintenance obligation to defendant, and we remit the matter to Supreme Court to determine, following a hearing if necessary, the proper amount of that adjustment (*see Ripka*, 77 AD3d at 1386).  Contrary to plaintiff's contention, the court properly required him to maintain a policy of life insurance to secure his child support and maintenance obligations (*see* § 236 [B] [8] [a]; *Gately*, 113 AD3d at 1094).

With respect to defendant's cross appeal, we conclude that the court properly refused to require plaintiff to post security (*see* Domestic Relations Law § 243; *cf. Brinckerhoff v Brinckerhoff*, 53 AD3d 592, 593).

Entered:  March 28, 2014                         Frances E. Cafarell
                                                 Clerk of the Court