# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**737**

**CA 13-02054**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

DIANE E. MARFONE, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

LAWRENCE S. MARFONE, DEFENDANT-APPELLANT.

---

KALIL & EISENHUT, LLC, UTICA (CLIFFORD C. EISENHUT OF COUNSEL), FOR DEFENDANT-APPELLANT.

---

Appeal from an amended judgment of the Supreme Court, Oneida County (Joan E. Shkane, A.J.), entered June 19, 2013 in a divorce action. The amended judgment, among other things, dissolved the marriage between the parties and ordered defendant to pay spousal maintenance.

It is hereby ORDERED that the amended judgment so appealed from is unanimously modified on the law by reducing the amount of life insurance defendant is required to obtain to secure his child support obligation from $500,000 to $300,000, by providing that defendant may obtain a declining term life insurance policy, by striking the provision requiring defendant to "name each child as irrevocable beneficiary on life insurance available to him through his employer, as well as death benefits, until each child is emancipated," and by reducing the award of counsel fees to plaintiff from $18,000 to $9,000 and as modified the amended judgment is affirmed without costs in accordance with the following Memorandum: Defendant appeals from an amended judgment of divorce that, inter alia, directed him to pay maintenance and child support and awarded $18,000 in counsel fees to plaintiff. Contrary to defendant's contention, Supreme Court did not abuse its discretion with respect to the amount or duration of the maintenance award, and we decline to substitute our discretion for that of the court (*see Martin v Martin*, 115 AD3d 1315, 1316).

Contrary to defendant's further contention, the court properly required him to maintain policies of life insurance to secure his child support and maintenance obligations (*see* Domestic Relations Law § 236 [B] [8] [a]; *Martin*, 115 AD3d at 1316). We agree with defendant, however, that the amount of life insurance the court required defendant to maintain with respect to his child support obligations is excessive, and we therefore modify the amended judgment by reducing the amount of that life insurance from $500,000 to $300,000 (*see generally Florio v Florio*, 25 AD3d 947, 951; *Konigsberg v Konigsberg*, 3 AD3d 330, 331).

Inasmuch as defendant's continuing child support obligation will decline as each of the children of the marriage either becomes emancipated or reaches the age of 21 (*see* Domestic Relations Law § 240 [1-b] [b] [2]), we further modify the amended judgment by providing that the amount of life insurance defendant is required to obtain to secure his child support obligation may have a declining term that would permit defendant to reduce the amount of life insurance by the amount of child support actually paid, provided that at all times the amount of life insurance is not less than the amount of child support remaining unpaid (*see generally Florio*, 25 AD3d at 951).  We also modify the amended judgment by striking therefrom the provision requiring defendant to name each child of the marriage as irrevocable beneficiary on life insurance and death benefits available to defendant through his employer until each child is emancipated.

Defendant further contends that the award of counsel fees to plaintiff was improper.  We note that Domestic Relations Law § 237 (a) provides in relevant part that, "[i]n any action or proceeding brought . . . for a divorce, . . . the court may direct either spouse . . . to pay counsel fees and fees and expenses of experts directly to the attorney of the other spouse to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties.  There shall be [a] rebuttable presumption that counsel fees shall be awarded to the less monied spouse."  Under the circumstances of this case, we conclude that the court abused its discretion in awarding plaintiff $18,000 in counsel fees, and we therefore further modify the amended judgment by reducing the amount of that award to $9,000 (*cf. Johnson v Chapin*, 12 NY3d 461, 467, *rearg denied* 13 NY3d 888; *Gelia v Gelia*, 114 AD3d 1263, 1263-1264).

Finally, we have considered the remaining contentions of defendant, and we conclude that they are without merit.

Entered:  June 20, 2014                       Frances E. Cafarell
                                              Clerk of the Court