# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**341**
**CAF 15-01514**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF GWENDOLYN G. MUOK,
PETITIONER-RESPONDENT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH N. MUOK, RESPONDENT-PETITIONER-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-PETITIONER-APPELLANT.

MARY R. HUMPHREY, NEW HARTFORD, FOR PETITIONER-RESPONDENT-RESPONDENT.

---

Appeal from a corrected order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered March 23, 2015 in a proceeding pursuant to Family Court Act article 4. The corrected order denied respondent-petitioner's objections to an order of the Support Magistrate.

It is hereby ORDERED that the corrected order so appealed from is unanimously modified on the facts and law by granting respondent-petitioner's second and fourth objections and granting his petition to the extent of imputing income to petitioner-respondent in the amount of $20,000, exclusive of Social Security income, and as modified the corrected order is affirmed without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Respondent-petitioner father appeals from an order denying his written objections to an order of the Support Magistrate that granted petitioner-respondent mother's petition seeking to modify the order of support based upon the more than 15% increase in the father's income (*see* Family Ct Act § 451 [3] [b] [ii]), and denied his petition seeking a determination imputing income to the mother in the amount of $100,000. The parties have three children, one living with the father and two living with the mother. We reject the father's contention that Family Court erred in denying his objections related to the calculation of child support on the amount of income over the statutory cap of $141,000. The Support Magistrate properly considered the disparity in the parties' incomes and the lifestyle the children would have enjoyed had the marriage remained intact in deciding to include income over the statutory cap in determining the child support obligation (*see* § 413 [1] [f]; *Martin v Martin*, 115 AD3d 1315, 1316; *cf. Antinora v Antinora*, 125 AD3d 1336, 1337-1338; *see generally Matter of Cassano v Cassano*, 85 NY2d 649, 653). Further, the Support Magistrate set forth the basis for her determination not to apply the statutory formula to the amount of income over the statutory cap and related her determination to the

section 413 (1) (f) factors (*cf. Matter of Miller v Miller*, 55 AD3d 1267, 1268; *see generally Cassano*, 85 NY2d at 654-655).

We agree with the father, however, that the court erred in determining that the Support Magistrate did not abuse her discretion in imputing annual income to the mother of $20,000, which included $13,164 that she received in Social Security income. "Trial courts . . . possess considerable discretion to impute income in fashioning a child support award . . . [A] court's imputation of income will not be disturbed so long as there is record support for its determination" (*Belkhir v Amrane-Belkhir*, 118 AD3d 1396, 1398 [internal quotation marks omitted]). Here, there is no record support for the determination not to impute income to the mother.

The record establishes that the mother was 65 years old and had not worked since 2007, when she closed a Montessori school that she operated. The record further establishes that the mother has a bachelor's degree and an MBA, and that she graduated from law school but did not pass the bar exam and was therefore not admitted to the practice of law. The mother testified that, prior to the hearing, she sought only jobs as an attorney, for which she is not qualified. Thus, the mother has not sought employment for which she is qualified since 2007, and it is well settled that "[i]ncome may properly be imputed when there are no reliable records of a parent's actual employment income or evidence of a genuine and substantial effort to secure gainful employment" (*Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1332, *lv denied* 6 NY3d 705). The record is sufficient for us to determine that, based upon her education and experience, the mother has the ability to earn income in the amount of $20,000 per year, exclusive of the Social Security income. We therefore modify the corrected order accordingly, and we remit the matter to Family Court to recalculate the respective child support obligations of the parties and their respective obligations for uninsured medical expenses. We have considered the father's remaining contentions and conclude that they are without merit. In the absence of a cross appeal by the mother, we do not consider her contentions with respect to alleged errors.

Entered: April 29, 2016                          Frances E. Cafarell
                                                 Clerk of the Court