Syrett v Syrett (2022 NY Slip Op 04862)

Syrett v Syrett

2022 NY Slip Op 04862

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

503 CA 21-00942

[*1]ANN SYRETT, PLAINTIFF-RESPONDENT,
v
JAMES SYRETT, DEFENDANT-APPELLANT. 

VANLOON LAW, LLC, ROCHESTER (NATHAN A. VANLOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
OSBORN REED & BURKE, LLP, ROCHESTER (VINCENT M. FERRERO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Monroe County (John M. Owens, A.J.), entered December 21, 2020 in a divorce action. The judgment, among other things, distributed the parties' marital assets, ordered that defendant pay child support and maintenance, and directed defendant to maintain a life insurance policy to secure his child support and maintenance obligations. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the amount of life insurance defendant is required to obtain to secure his child support and maintenance obligations from $500,000 to $300,000 and by providing that defendant may obtain a declining term life insurance policy, and as modified the judgment is affirmed without costs in accordance with the following memorandum: Defendant appeals from a judgment of divorce that, inter alia, ordered equal distribution of certain bank and brokerage accounts, directed defendant to maintain a life insurance policy with plaintiff as the sole beneficiary until his child support and maintenance obligations are satisfied and awarded $30,000 in counsel fees to plaintiff. We reject defendant's contention that Supreme Court abused its discretion in equally dividing the bank and brokerage accounts as of the date of the commencement of this action and in declining to award defendant credit for post-commencement payments (see generally Altomer v Altomer, 300 AD2d 927, 928 [3d Dept 2002]).
We further reject defendant's contention that the court abused its discretion in awarding counsel fees to plaintiff. "An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Grant v Grant, 71 AD3d 634, 634-635 [2d Dept 2010] [internal quotation marks omitted]; see Dechow v Dechow, 161 AD3d 1584, 1585 [4th Dept 2018]). Here, the court properly considered the circumstances of this case, including the parties' relative financial circumstances and the merits of their positions during trial, and we conclude that the award is reasonable.
We agree with defendant, however, that the amount of life insurance that the court required defendant to maintain to secure his child support and maintenance obligations is excessive, and we therefore modify the judgment by reducing that amount from $500,000 to $300,000 (see Marfone v Marfone, 118 AD3d 1488, 1489 [4th Dept 2014]; see also Siskind v Siskind, 89 AD3d 832, 834 [2d Dept 2011]). In light of the fact that defendant's continuing child support obligation will decline as each of the children of the marriage either becomes emancipated or reaches the age of 21 (see Domestic Relations Law § 240 [1-b] [b] [2]; Marfone, 118 AD3d at 1489) and the fact that defendant's maintenance obligation will be satisfied in 2027 (see Florio v Florio, 25 AD3d 947, 951 [3d Dept 2006]), we further modify the judgment by providing that the amount of life insurance defendant is required to obtain to secure his child support and maintenance obligations may have a declining term that would permit defendant to [*2]reduce the amount of life insurance by the amount of child support and maintenance actually paid, provided that at all times the amount of life insurance is not less than the amount of child support and maintenance remaining unpaid (see Marfone, 118 AD3d at 1489; Florio, 25 AD3d at 951).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court