Sciarrino v Sciarrino

2026 NY Slip Op 02561

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

BARBARA SCIARRINO, PLAINTIFF-APPELLANT-RESPONDENT,

v

RAYMOND P. SCIARRINO, DEFENDANT-RESPONDENT-APPELLANT. (APPEAL NO. 2.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

250 CA 24-02024

Present: Whalen, P.J., Bannister, Smith, Nowak, And Delconte, JJ.

JUST CAUSE, ROCHESTER (HENRY W. JONES, IV, OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

KAMAN BERLOVE LLP, ROCHESTER (BRYANNE L. JONES OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

Appeal and cross-appeal from a judgment of the Supreme Court, Livingston County (John B. Gallagher, Jr., J.), entered November 21, 2024, in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the amount of life insurance that defendant is required to obtain from $750,000 to the remaining unpaid amount of his maintenance obligation and by providing that defendant may obtain a declining term life insurance policy, and as modified the judgment is affirmed without costs in accordance with the following memorandum: In this contested matrimonial action, in appeal No. 1, plaintiff wife appeals and defendant husband cross-appeals from an order entered following a nonjury trial that, inter alia, equitably distributed the marital property. In appeal No. 2, the wife appeals and the husband cross-appeals from a subsequent judgment of divorce, which incorporated the order in appeal No. 1.

In appeal No. 2, the wife contends that Supreme Court erred in calculating the equitable distribution of the marital property. We reject that contention. Although the wife contends that the equitable distribution award ignores the husband's dissipation of marital assets, her "claims [of dissipation] are conclusory and rely on the credibility of the parties, and in such circumstances[, this Court] shall afford the trial court great deference" (Jonas v Jonas, 225 AD3d 1229, 1229 [4th Dept 2024] [internal quotation marks omitted]; see Fishman v Fishman, 244 AD3d 526, 526 [1st Dept 2025]; McPheeters v McPheeters, 284 AD2d 968, 969 [4th Dept 2001]). We likewise reject the wife's further contention that the court erred in ordering the sale of the marital residence and neighboring properties instead of awarding them to her (see Barrett v Barrett, 175 AD3d 1067, 1068-1069 [4th Dept 2019]; see generally Wojtowicz v Wojtowicz, 171 AD2d 1073, 1073 [4th Dept 1991]). Inasmuch as we agree with the court that the husband did not wastefully dissipate marital assets, there is no basis to award the wife additional marital property on that ground (see generally Barrett, 175 AD3d at 1068-1069).

Contrary to the wife's further contention, the court did not err in declining to distribute certain personal property given that the parties presented insufficient evidence with respect to the [*2]value of that property (see Iwasykiw v Starks, 179 AD3d 1485, 1486 [4th Dept 2020]). Contrary to her related contention, the record does not reflect that the husband waived his right to that personal property.

We reject the contention of the parties on their respective appeal and cross-appeal in appeal No. 2 that the court abused its discretion in setting the amount and duration of maintenance awarded to the wife. "[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court" (Mehlenbacher v Mehlenbacher, 199 AD3d 1304, 1307 [4th Dept 2021] [internal quotation marks omitted]), and we conclude that the court did not abuse its discretion in light of, inter alia, its overall distribution of marital assets and debts. Furthermore, we conclude that the court did not err in applying the statutory income cap to the husband's income when determining the wife's award of maintenance (see Domestic Relations Law § 236 [B] [6] [b] [4]; [d] [1], [2]). The court appropriately set forth the relevant factors that it relied upon in declining to include income above the cap (see § 236 [B] [6] [d] [3]), and we perceive no abuse of discretion in the court's decision in that regard (see Lisowski v Lisowski, 218 AD3d 1214, 1216 [4th Dept 2023]).

We agree with the husband on his cross-appeal, however, that the amount of life insurance that he is required to carry in order to secure his maintenance obligations is excessive. Although the judgment directed the husband to pay durational maintenance in the amount of approximately $650,000, it required that the husband secure the maintenance obligation with a policy of life insurance in the amount of $750,000, naming the wife as beneficiary. We conclude that he should instead be required to maintain a life insurance policy of at least, but not more than, the remaining amount of his total maintenance obligation. In other words, "the amount of life insurance [that the husband] is required to obtain to secure his . . . maintenance obligation[ ] may have a declining term that would permit [him] to reduce the amount of life insurance by the amount of . . . maintenance actually paid, provided that at all times the amount of life insurance is not less than the amount of . . . maintenance remaining unpaid" (Syrett v Syrett, 208 AD3d 1030, 1032 [4th Dept 2022]; see Marfone v Marfone, 118 AD3d 1488, 1489 [4th Dept 2014]). We therefore modify the judgment accordingly.

We reject the wife's contention that the court abused its discretion in awarding her only a portion of the requested amount of attorney's fees. "An award of attorney's fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Vella v Vella, 213 AD3d 1225, 1227 [4th Dept 2023] [internal quotation marks omitted]). Here, the court properly considered the circumstances of the case, the nature of the attorney's fees sought, the wife's previous award of interim attorney's fees, and the allocation of marital debts, and we conclude that the award is reasonable (see generally id.).

With respect to appeal No. 1, because the issues raised on appeal from the order are brought up for review and have been considered on the appeal and cross-appeal from the final judgment in appeal No. 2, the appeal and cross-appeal from the order in appeal No. 1 are dismissed (see generally CPLR 5501 [a]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court